IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| vs. ) | Criminal No. 06-162 |
| ) | |
| Joseph Lee ) | |
| ) | |

AMBROSE, Chief District Judge

## MEMORANDUM OPINION and ORDER OF COURT

In document numbers 93 and 94, which appear to be identical except for the addition of Exhibit A to document number 94, Defendant seeks a *Daubert* hearing on the question of whether the Government's bloodhound evidence fits within the requirements of *Daubert* and, further, seeks exclusion of the bloodhound evidence under Federal Rules of Evidence 401, 402, 403 and 702.

The facts are the following: On June 27, 2006, Lt. Kraus, a Pittsburgh Police Officer, attempted to make a traffic stop of a Jeep. As Lt. Kraus approached the Jeep, he saw the Defendant, the driver and sole occupant of the vehicle, removing a bullet-proof vest, a black semi-automatic pistol lying on the right side of Defendant's lap, and a black coat draped across a long object in the back seat. The Defendant sped away before Lt. Kraus could make an arrest and Lt. Kraus lost sight of the Jeep.

A short time later, the abandoned Jeep was found not far from where the attempted stop occurred. The bullet-proof vest was on the front seat; the pistol and coat were missing. The coat and an AK-47 rifle were found on a nearby pathway.

A K-9 officer was called to the scene. The K-9 bloodhound, Digger, and his handler, Rudy Harkins, led police from the front seat of the Jeep to the pathway where the coat and AK-47 had been found and then on to an apartment complex where Digger lost the scent.

Later that day, Lt. Kraus talked to Defendant on the telephone at which time Defendant told

Lt. Kraus he was somewhere in the aforementioned apartment complex. Defendant was not arrested until July 12, 2006.

Defendant contends that all evidence relating to Digger must be excluded under Rules 401 and 402 as irrelevant; under Rule 403 as unfairly prejudicial; and, under Rule 702 for failing to comply with *Daubert* and as inadmissible expert evidence.

A pretrial hearing was conducted and the reliability of Digger and his handler were addressed. As defense counsel learned from pre-hearing conversations and from the hearing, Digger is a bloodhound successfully used by the Pittsburgh police to locate people and evidence in the past. Digger's handler, Rudy Harkins, is a well-trained and experienced dog trainer and handler.

The evidence introduced at the pre-trial hearing established the reliability of Digger and Harkins. Harkins testified as to the training he and Digger received both separately and together and as to the certifications received by both, as well as Digger's performance in other cases.

Furthermore, the evidence is clearly probative and relevant as it tends to prove that Defendant, who had occupied the front seat of the Jeep, had traveled along the pathway where the coat and rifle were found and then on to the apartment complex. This is circumstantial evidence that Defendant possessed and removed the coat and rifle from the Jeep. The evidence is, therefore, admissible under Rules 401 and 402.

It is also admissible evidence under Rule 403, as the bloodhound evidence makes it more likely that Defendant had possessed the rifle. This evidence has more substantial probative value than it has prejudicial effect.

I note, also, that the Government has agreed to eliminate any reference in the testimony that Digger paused at the coat and rifle, thus, further reducing any unfair prejudice to Defendant.

Finally, with respect to Defendant's *Daubert* argument, I find that the Government has met its burden at the pretrial hearing as to the reliability of Digger and his handler and that the *Daubert*

tests do not apply to the admission of dog tracking evidence. Neither the Government nor Defendant have submitted any case law requiring a *Daubert* hearing under these circumstances. Defendant has had, and will have at trial, sufficient opportunities to challenge Digger's reliability. *See, US v. Hornbeck,* 63 Fed. Appx. 340, 342, 2003 WL 1984735, No. 02-50146 (9th Cir. April 7, 2003).

Therefore, this 10th day of June, 2008, it is ordered that Defendant's Motion *in Limine* to Exclude Bloodhound Evidence and Request for a *Daubert* Hearing (Docket Nos. 93 and 94) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge