IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| United States of America | ) | |
|---|---|---|
| vs. | ) | Criminal No. 06-162 |
| Joseph Lee | ) | |

AMBROSE, Chief District Judge

# MEMORANDUM OPINION
## and
# ORDER OF COURT

In document number 95, Defendant, Joseph Lee, requests an order excluding certain evidence under Federal Rule of Evidence 404(b). Specifically, Defendant wishes to exclude the following evidence:

(1) that he was wearing a bullet proof vest on June 27, 2006, when he was approached by Lt. Kraus and sped away before an arrest was made;

(2) statements allegedly made by Defendant to Lt. Kraus at the time of his arrest about his past possession and use of firearms; and

(3) that at some time in 2004, Defendant and others were charged with breaking into a house, striking a victim with a gun, and taking his money and another gun. These charges were abandoned by the prosecution.

Defendant contends that all the above evidence is character evidence prohibited by Rule 404(b), and that, even if it were admissible for some other reason, it must be excluded as unfairly prejudicial under Rule 403.

As to the bullet proof vest, the Government argues persuasively that the Defendant's possession of the vest is both intrinsic and inextricably intertwined with the charge of felon in possession. Thus, Rule 404(b) does not operate to exclude such evidence. *US v. Cross,* 308 F.3d 308, 320 (3d Cir. 2002). Defendant's possession of the vest is relevant and strong evidence of his alleged possession of firearms. This evidence is highly probative and not outweighed by any prejudicial effect. Thus, it is not excluded under either Rule 404(b) or Rule 403.

As to the Defendant's statements made by him at the time of his arrest, that evidence is admissible to prove intent, knowledge and/or the absence of mistake. Defendant has denied possession of the firearms in question here. Evidence that Defendant had knowingly possessed firearms at other times is proper to prove knowledge and intent and not excludable under Rule 404(b). Additionally, such evidence is highly probative and not excludable under Rule 403 as its prejudicial effect does not outweigh its probative value.

As to Defendant's arrest in 2004, I agree with Defendant that the prejudicial effect of this evidence outweighs any probative value. These charges were abandoned by the prosecution and Defendant was not convicted of any crime for these alleged actions.

Therefore, this 10th day of June, 2008, it is ordered that Defendant's Motion *in Limine* to Exclude 404(b) Evidence (Docket No. 95) is granted as to evidence of his 2004 arrest for breaking into a house and denied in all other respects.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge